KAF/des/#648533                                                                    1617-287-22-765

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, as Successor to Northbrook Excess and Surplus Company, formerly Northbrook Insurance Company, | ) ) ) ) | |
| Petitioner, | ) | Case No. 1:15-cv-06574 |
| vs. | ) ) | Judge: Hon. Thomas M. Durkin |
| A.O. SMITH CORPORATION, | ) ) | |
| Respondent. | ) ) | |

**PETITIONER ALLSTATE INSURANCE COMPANY'S COMBINED RESPONSE TO 1) RESPONDENT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR ALTERNATIVELY, TO ABSTAIN FROM EXERCISING JURISDICTION UNDER THE *COLORADO RIVER* DOCTRINE AND 2) RESPONDENT'S MOTION FOR EXTENSION OF TIME AND FOR PROTECTIVE ORDER**

NOW COMES the Petitioner, Allstate Insurance Company, solely as successor in interest to Northbrook Excess and Surplus Company, formerly known as Northbrook Insurance Company (hereinafter "Allstate"), through its attorneys Tressler LLP, and for its combined response to 1) Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or Alternatively, to Abstain from Exercising Jurisdiction Under the *Colorado River* Doctrine and 2) Respondent's Motion for Extension of Time and For Protective Order, states as follows:

### INTRODUCTION

A.O. Smith Corporation ("A.O. Smith") filed the following two motions in response to Allstate's Petition to Compel Arbitration: 1) Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or Alternatively, to Abstain from Exercising Jurisdiction Under the *Colorado River* Doctrine and 2) Respondent's Motion for Extension of Time and For Protective Order.

A.O. Smith's motion to dismiss Allstate's Petition to Compel Arbitration is without merit and based upon A.O. Smith's inaccurate characterization of the events leading up to Allstate's Petition. For example, A.O. Smith contends that the Milwaukee County Court has already ruled on Allstate's demand for arbitration and determined that it was premature. As set forth below, Allstate merely sought to stay the Milwaukee County Coverage Action to allow it time to separately arbitrate its dispute with A.O. Smith regarding the Settlement / Coverage-In-Place Agreement. Further, Allstate did not ask the Milwaukee County Court to rule on, nor did it address, whether A.O. Smith could be compelled to arbitrate Allstate's dispute with A.O. Smith. Rather, the Milwaukee County Court merely determined that, at this time, it was not going to stay Continental's Coverage Action while A.O. Smith and Allstate arbitrated their dispute.

A.O. Smith also contends that there is no ripe controversy between Allstate and A.O. Smith until after the Milwaukee County Court rules on whether Continental has contribution rights against Allstate. Allstate has a ripe dispute with A.O. Smith separate and apart from Continental's contribution claims because 1) A.O. Smith has denied that there is a valid and effective Settlement / CIP Agreement, 2) A.O. Smith has denied that it released its claims against Allstate, 3) A.O. Smith has refused to perform its obligations under the Settlement / CIP Agreement, and 4) contrary to the terms of the Settlement / CIP Agreement, A.O. Smith has made targeted tenders to its other insurers and refuses to pay the defense and indemnity for its insurers that have become insolvent. Additionally, A.O. Smith takes the position that because it has no Settlement / CIP Agreement with Allstate, it will make a targeted tender to Allstate in the future and attempt to have Allstate pay all of its defense and indemnity for the asbestos claims instead of allocating such costs to all of its insurers and itself (for the insurance

policies issued by insurers that are insolvent) all in violation of the terms and conditions of the Settlement / CIP Agreement.

Finally, this Court should not abstain from exercising jurisdiction over Allstate's Petition to Compel Arbitration because 1) Continental's Coverage Action in Milwaukee County is not a parallel or duplicative proceeding, 2) there are no exceptional circumstances that would justify this Court declining to exercise its jurisdiction under the Federal Arbitration Act, and 3) the probable inadequacy of the Milwaukee County Coverage Action to protect Allstate's right to separately arbitrate its dispute with A.O. Smith.

A.O. Smith has also asked this Court to enter a protective order relieving it of its obligation to respond to Allstate's discovery requests. A.O. Smith contends, *inter alia*, that Allstate's discovery requests are premature as the parties have not participated in a Fed. R. Civ. P. 26(f) Discovery Planning Conference. As discussed below, petitions to compel arbitration under Section 4 of the Federal Arbitration Act (9 U.S.C. §4) are not governed by Rule 26(f).

## BACKGROUND FACTS

A.O. Smith has in the past and continues to be named as a defendant in numerous underlying lawsuits alleging that A.O. Smith is liable for bodily injury that occurred as a result of the underlying plaintiffs' exposure to asbestos contained in certain products manufactured, distributed and/or sold by A.O. Smith and other entities. Back in 2005, there were many unanswered questions concerning how asbestos claims were to be handled under A.O. Smith's various insurance policies that spanned decades. Consequently, Allstate and A.O. Smith, through their agents, met and engaged in certain settlement discussions. As a result of these discussions, in July 2007, Allstate and A.O. Smith executed a Settlement / Coverage-In-Place

Agreement ("Settlement / CIP Agreement") to resolve their disputes as to Allstate's alleged coverage obligations and A.O. Smith's alleged duties, rights and obligations with regard to past, present and anticipated future asbestos lawsuits filed against A.O. Smith. *See* Settlement / CIP Agreement, previously filed under seal pursuant to protective order (Dkt 21). The Settlement / CIP Agreement fixed the rights and obligations of both Allstate and A.O. Smith regarding the asbestos claims, how they are to be handled, and how defense and indemnity were to be allocated.

Initially, A.O. Smith submitted asbestos claims to Allstate and its other carriers for reimbursement under the terms of the Settlement / CIP Agreement. A.O. Smith performed its obligations under the Settlement / CIP Agreement, including its obligation to pay the pro rata share of defense and indemnity that would otherwise have been owed by A.O. Smith's insurers who were insolvent or otherwise unable to pay. However, in 2009, the Wisconsin Supreme Court issued its decision in *Plastics Engineering Co. v. Liberty Mutual Ins. Co.*, 2009 WI 13, a case involving insurance coverage for asbestos liabilities. There, the court held that an insured could select a single insurer, under a single policy to pay "all sums" (all defense and indemnity expenses) for an asbestos bodily injury claim regardless of whether some of the plaintiff's injury occurred during other policy periods and/or when other insurers provided coverage. The *Plastics Engineering* decision's "all sums" allocation is contrary to the pro rata allocation under the Settlement / CIP Agreement that allocates such expenses to all policy periods and insurers. On March 9, 2009, A.O. Smith advised Allstate of the *Plastics Engineering* decision and indicated that it was reviewing how its asbestos claims were being allocated. A true and correct copy of A.O. Smith's March 9, 2009 letter to Allstate is attached as **Exhibit A.** Sometime thereafter,

A.O. Smith stopped submitting asbestos claims to Allstate for reimbursement under the terms and conditions of the Settlement / CIP Agreement, and, upon information and belief, A.O. Smith sought coverage solely from Continental Casualty Company ("Continental") for certain asbestos claims (made a "targeted tender" to Continental).  The effect of the targeted tender was that A.O. Smith no longer paid the pro rata share of defense and indemnity for its insolvent insurers and A.O. Smith did not request reimbursement from its other insurers.

In response to this targeted tender, in August 2014, Continental filed suit against Allstate, A.O. Smith and First State Insurance Company ("First State") in the Circuit Court of Milwaukee County, Wisconsin, contending that Continental had paid more than its fair share of defense and indemnity in connection with certain underlying asbestos lawsuits filed against A.O. Smith (hereinafter referred to as the "Milwaukee County Coverage Action").  A copy of Continental's Complaint filed in the Milwaukee County Coverage Action is attached hereto as **Exhibit "B"**.  Continental's action seeks equitable subrogation and/or equitable contribution from Allstate and First State for the entire amount that Continental has paid for defense and indemnity in connection with the underlying asbestos lawsuits.  Continental also seeks a declaration that it will be entitled to equitable contribution and/or subrogation from Allstate and First State for future claims.  Finally, Continental has alleged, in the alternative, that by entering into the Settlement / CIP Agreement with Allstate, A.O. Smith breached the Continental insurance policies by compromising Continental's alleged contractual subrogation rights against Allstate.

In A.O. Smith's Answer to Continental's complaint filed on January 28, 2015, A.O. Smith, for the first time, denied that it entered into the Settlement / CIP Agreement with Allstate and

denied the existence of a valid and enforceable agreement between A.O. Smith and Allstate. *See* #25 and #34 of A.O. Smith's Answer to Continental's Complaint, a copy of which is attached hereto as **Exhibit "C"**. A.O. Smith has apparently taken the position that its former Risk Manager, Scott Towne, did not have authority to agree to and execute the Settlement / CIP Agreement, and therefore, it is not valid. If A.O. Smith and Allstate do not have a binding and effective Settlement/CIP Agreement, it is clear that A.O. Smith will make an "all sums" targeted tender of its asbestos claims to Allstate and demand that Allstate alone pay all defense and indemnity expenses even if the asbestos plaintiff's injuries occurred partly outside the Allstate policy period(s).

Article VIII of the Settlement / CIP Agreement is titled "Dispute Resolution" and provides the following:

> 8.01    If any dispute should arise concerning the terms, meaning or implementation of this Agreement, the Parties shall use their best efforts to reach a prompt and good faith resolution of such dispute, but in the event that they are unable to do so, all such disputes shall be determined by the following alternative dispute resolution procedures:
>
> (a) <u>Mediation.</u>  The Parties shall attempt in good faith promptly to resolve through mediation any dispute relating to any issue under this Agreement.  Such mediation shall be conducted by a mediator to be determined by mutual agreement of the Parties.
>
> (b) <u>Arbitration.</u>  If the issue has not been resolved pursuant to the aforesaid mediation procedure within sixty (60) days after the commencement of such procedure (or such additional time as the Parties may agree upon), the issue shall be settled by arbitration. Such arbitration shall be conducted by an arbitrator to be determined by mutual agreement of the Parties.  The arbitration shall be governed by the United States Arbitration Act, 9 U.S.C. §§1-16, and judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction thereof.  In the event that either Party refuses to arbitrate an issue in accordance

with this Agreement, the other Party can compel the refusing Party to arbitrate the claim through any court having jurisdiction.

(c) <u>Limitation of Remedies.</u> The procedures specified in this Article shall be the sole and exclusive procedures for the resolution of disputes between the Parties relating to the issues described in this Article. While the procedures specified in this Article are pending, all applicable statutes of limitation or other time limitations upon claims or defenses between the Parties shall be tolled, and the Parties shall take such action, if any, as is required to effectuate such tolling.

Upon learning of A.O. Smith's position, Allstate deliberately followed the procedures set forth in Article VIII of the Settlement / CIP Agreement in order to preserve its rights to arbitrate its dispute with A.O. Smith. Allstate was careful not to litigate its dispute with A.O. Smith in the Milwaukee County Coverage Action regarding A.O. Smith's duties and obligations under the Settlement / CIP Agreement or otherwise act inconsistent with Allstate's right to arbitration.[1]

First, Allstate, to no avail, used its best efforts to reach a prompt and good faith resolution with A.O. Smith in connection with the Settlement / CIP Agreement. *See* **Group Exhibit "D"**. Thereafter, on June 8, 2015, Allstate and A.O. Smith participated in mediation pursuant to Article VIII of the Settlement / CIP Agreement but were unable to resolve their dispute. Therefore, on June 26, 2015, Allstate made a written demand for arbitration on A.O. Smith pursuant to Article VIII of the Settlement / CIP Agreement. *See* **Exhibit "E"**. Simultaneously with its demand for arbitration, Allstate filed a motion in the Milwaukee County Coverage Action to stay Continental's coverage action while Allstate and A.O. Smith separately arbitrated their dispute over A.O. Smith' duties and obligations under the Settlement / CIP Agreement. *See* **Exhibit "F"**. On July 1, 2015, and before A.O. Smith had even responded to

---

[1] A petitioner risks potentially waiving its right to compel arbitration when it actively participates in a lawsuit. *See Paragon Micro, Inc. v. Nicholas J. Bundy*, 22 F. Supp. 3d 880, 892 (N.D. Ill. 2014) (holding that parties may waive their right to arbitration by participating in litigation).

Allstate's written demand for arbitration, the Milwaukee County Court denied Allstate's Motion to Stay *without prejudice*. *See* **Exhibit "G"**.

A.O. Smith finally responded to Allstate's demand for arbitration on July 8, 2015, refusing to arbitrate. *See* **Exhibit "H"**. Thereafter, Allstate filed its Petition to Compel A.O. Smith to arbitrate the parties' dispute under Article VIII of the Settlement / CIP Agreement and pursuant Section 4 of the Federal Arbitration Act, 9 U.S.C. §4. Upon filing its Petition to Compel Arbitration, Allstate acted with reasonable diligence in attempting to obtain affidavits from Scott Towne, A.O. Smith's Risk Manager, and from James Dorian of Marsh USA, A.O. Smith's insurance agent. The affidavits of Mr. Towne and Mr. Dorian were needed to counter A.O. Smith's claims that the Settlement / CIP Agreement was not valid and effective. Both Mr. Towne and Mr. Dorian, however, refused to cooperate with Allstate. Allstate, therefore, issued subpoenas to Mr. Towne and Mr. Dorian and served narrowly-tailored discovery to A.O. Smith in order to obtain additional evidence to establish that Allstate and A.O. Smith had a valid and effective agreement to arbitrate.

<u>**ARGUMENT**</u>

I. **Allstate's Response to Motion to Dismiss For Lack of Subject Matter Jurisdiction, or Alternatively, to Abstain from Exercising Jurisdiction Under the *Colorado River* Doctrine**

A. <u>**This Court Has Jurisdiction Over Allstate's Petition To Compel Arbitration**</u>

This Court has jurisdiction of Allstate's Petition to Compel Arbitration under the Federal Arbitration Act, 9 U.S.C. §4 (the "FAA") and principles of diversity pursuant to 28 U.S.C. §§1332(a) and 2201. Under the FAA, arbitration may be compelled if (1) a written arbitration agreement exists between the parties; (2) there is a dispute among the parties within the scope

of the arbitration agreement; and (3) one of the parties is refusing to comply with the arbitration agreement by declining to participate in arbitration. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 690 (7th Cir. 2005).

Diversity jurisdiction exists when the amount-in-controversy requirement is met and the parties are completely diverse. *See* 28 U.S.C. §1332(a). Here, there is complete diversity of citizenship between the parties. Allstate is a citizen of the State of Illinois. A.O. Smith is a citizen of Delaware with its principal place of business in Milwaukee, Wisconsin. Further, the amount in controversy is greater than $75,000.00, exclusive of interest and costs. *See* ¶¶ 1-4 to Allstate's Petition to Compel Arbitration. A.O. smith apparently does not dispute these facts.

A.O. Smith argues that the dispute between Allstate and A.O. Smith concerning the validity of the Settlement / CIP Agreement "is not a ripe, justiciable controversy." *See* p. 6 of A.O. Smith's Motion to Dismiss. In support of its argument, A.O. Smith wrongfully asserts that the dispute at issue is an "inchoate, speculative, hypothetical, *future* claim" and that "any claim Allstate might have against A.O. Smith depends on, and is derivative to, Continental's claim against Allstate." *See* pp. 5-6 of A.O. Smith's Motion to Dismiss. Not true. The dispute at issue does not turn on Continental's claim for contribution pending in the Milwaukee County Coverage Action.

Article VIII of the Settlement / CIP Agreement broadly encompasses "any dispute … concerning the terms, meaning or implementation of this [Settlement / CIP Agreement]." Article VIII further provides that "all such disputes shall be determined by the … alternative dispute resolution procedures." In *Zurich v. Watts*, the Seventh Circuit held that an actual breach of an agreement is not required for ripeness. Rather, to show a "dispute," Allstate need

only show that A.O. Smith has "acted or threatened to act in a manner inconsistent with [Allstate's] interpretation of the contract." *Id.* at 690.

A.O. Smith's motion to dismiss simply ignores the current dispute between Allstate and A.O. Smith over the respective parties' rights and obligations under the Settlement / CIP Agreement. A.O. Smith disputes the validity of the agreement and its obligations to perform thereunder including its express agreement to "step into the shoes of" and assume liability to pay the defense and indemnity costs that would otherwise be owed by A.O. Smith's insolvent insurers. Irrespective of whether Allstate owes any contribution to Continental, it is Allstate's position that the Settlement / CIP Agreement is valid and that it fixes the rights and obligations of both Allstate and A.O. Smith regarding the asbestos claims, how they are to be handled, and how defense and indemnity is to be allocated.

Moreover, Allstate's dispute with A.O. Smith involves more than Continental's contribution claim that resulted when A.O. Smith stopped performing its obligations under the Settlement/ CIP Agreement. For example,, A.O. Smith has taken the position that it can make an "all sums," "targeted tender"[2] of the underlying asbestos lawsuits to any one of its other insurance carriers and does not have to follow the terms of the Settlement / CIP Agreement and pay its pro rata share of defense and indemnity costs for gaps in coverage due to insurers that have become insolvent and/or are otherwise unable to pay. If A.O. Smith and Allstate do not have a binding and effective Settlement/CIP Agreement, it is clear that A.O. Smith will also make an all sums/ targeted tender of its asbestos claims to Allstate and demand that Allstate

---

[2] Under a "targeted tender" an insured selects a single insurer to defend and indemnify a claim/suit under a single insurance policy to the exclusion of all other insurers and insurance policies.

alone pay all defense and indemnity expenses even if the asbestos plaintiff's injuries occurred partly outside the Allstate policy period(s).

Additionally, one of A.O. Smith' other insurance carriers, Allianz Global Corporate & Specialty, has also asserted that it is entitled to contribution from Allstate because A.O. Smith made an all sums/ targeted tender of certain asbestos claims to it. *See* **Exhibit "I"**. Finally, based on A.O. Smith's continued refusal to follow the Settlement / CIP Agreement, Allstate expects there it could see future contribution claims from one or more of A.O. Smith's other insurers. The Settlement / CIP Agreement, however, does not allow A.O. Smith to make a targeted tender to Allstate or any other insurer and requires A.O. Smith to pay a pro rata share for insolvent carriers. Therefore, Allstate needs to arbitrate the dispute regarding the parties' obligations under the Settlement / CIP Agreement.

Further, there is a current dispute between Allstate and A.O. Smith over A.O. Smith's breach of its obligations to cooperate with Allstate's defense of Continental's contribution action. Article 3.03(a) of the Settlement / CIP Agreement provides that "A.O. Smith shall cooperate with Northbrook in the conduct of any proceedings related to any claim or suit asserted or filed against Northbrook in connection with any Asbestos Claims or in connection with the Parties' rights and obligations under this Agreement and the Releases contained in this Agreement." A.O. Smith has breached this obligation by, *inter alia*, 1) refusing to admit that the Settlement / CIP Agreement is valid and effective, 2) by contending that the Settlement / CIP Agreement does not prevent it from making targeted tenders despite the provisions requiring a pro rata allocation to all of its insurers and A.O. Smith, and 3) opposing Allstate's efforts to stay Continental's Milwaukee County Coverage Action while A.O. Smith and Allstate separately

arbitrate their dispute.  Continental's subrogation and contribution claims against Allstate in the Milwaukee County Coverage Action constitute "any claim or suit asserted or filed against Northbrook in connection with any Asbestos Claims."  A.O. Smith's failure to cooperate with Allstate in the defense of the Milwaukee County Coverage Action creates a ripe dispute subject to arbitration under the Settlement / CIP Agreement.  A.O. Smith's Motion to Dismiss should be denied since there is a clear, justiciable controversy between Allstate and A.O. Smith.

> **B.** **Abstention is not Warranted in This Case Under *Colorado River* Because There is No Parallel Proceeding in State Court and the Factors Under the *Colorado River* Doctrine Do Not Support Abstention**

A.O. Smith alternatively argues that even if this Court could exercise jurisdiction over Allstate's Petition to Compel Arbitration, it should abstain from doing so pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding.  The doctrine of abstention "*is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified only in the exceptional circumstances where the order to the parties to the State Court would clearly serve an important countervailing interest.*" *Colorado River*, 424 U.S. at 813.  (Emphasis Added). Further, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 14 (1983).

In *Colorado River*, the Supreme Court listed six factors for the Court to consider in determining whether abstention is warranted. These factors include: (1) whether the state or federal court has assumed jurisdiction over property; (2) the inconvenience of the federal

forum; (3) avoidance of piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties. *Colorado River*, 424 U.S. at 818-820. Before applying these six factors, the Court must consider whether the two actions are parallel. If the actions are not parallel, the Court lacks the power to abstain. *See Gu v. Bank of America,* No. 11-C-6290, 2012 WL 414085, *3 (N.D. Ill. Feb. 8, 2012).

1.  The Instant Action is Not Parallel to the Wisconsin County Coverage Action

For *Colorado River* abstention to apply, there must first be a parallel state proceeding. Generally, actions are parallel when they involve substantially the same parties and the same issues. *Id.* A.O. Smith's arguments in support of its request that this Court abstain from exercising jurisdiction turn on several incorrect assumptions. According to A.O. Smith, the instant action is identical to the Milwaukee County Coverage Action. A.O. Smith's assertion is incorrect. Continental's Milwaukee County Coverage Action seeks both subrogation and contribution from Allstate and First State in connection with certain underlying asbestos lawsuits filed against A.O. Smith. In contrast, Allstate's Petition to Compel Arbitration seeks an order compelling only A.O. Smith to arbitrate Allstate's dispute over A.O. Smith's duties and obligations under the Settlement / CIP Agreement. As A.O. Smith recognizes in its Motion to Dismiss, neither Allstate nor A.O. Smith has asserted any cross-claims against each other in the Milwaukee County Coverage Action. Allstate's decision not to assert and cross-claims against A.O. Smith and, instead, to pursue a separate arbitration with A.O. Smith, was deliberate so as to preserve Allstate's right to separately arbitrate its dispute with A.O. Smith pursuant to the Settlement / CIP Agreement. *See Paragon Micro, Inc. v. Nicholas J. Bundy*, 22 F. Supp. 3d 880,

892 (N.D. Ill. 2014)(holding that parties may waive their right to arbitration by participating in litigation).

A.O. Smith further contends that identical issue raised by Allstate's Petition to Compel Arbitration has already been decided and rejected by the Milwaukee County Court. Contrary to A.O. Smith's assertions, Allstate never sought to have the Milwaukee County Court compel A.O. Smith to arbitrate with Allstate. *See* ¶ 3 of the Affidavit of James R. Murray, attached hereto as **Exhibit "J"**. Rather, Allstate merely gave notice in the Milwaukee County Coverage Action of its intent to separately arbitrate its dispute with A.O. Smith regarding the Settlement / CIP Agreement and asked the Milwaukee County Court to stay Continental's action against Allstate, A.O. Smith and First State pending the outcome of this arbitration. *See* Affidavit of James R. Murray, ¶ 4. Indeed, Allstate never requested that the Milwaukee County Court determine (1) whether A.O. Smith entered into a valid written agreement to arbitrate, or (2) whether the A.O. Smith's dispute over A.O. Smith's duties and obligations under the Settlement / CIP Agreement falls within the scope of that arbitration agreement. Nor has the Milwaukee County Court ruled on these issues.

Moreover, in response to Allstate's Motion to Stay filed in the Milwaukee County Coverage Action, Continental argued that its anticipated motion for summary judgment in no way depended on the existence of the Settlement / CIP Agreement. *See* Affidavit of James R. Murray, ¶ 6. Continental, therefore, contended that a stay was unnecessary and that the Milwaukee County Court could rule on its anticipated motion for summary judgment. *See* Affidavit of James R. Murray, ¶ 6. In denying Allstate's Motion to Stay, the Milwaukee County Court did not rule, as A.O. Smith contends, that the dispute between A.O. Smith and Allstate

was not ripe or that arbitration was premature. Rather, the Milwaukee County Court ruled that, at this time, it was not going to stay Continental's coverage action while A.O. Smith and Allstate separately arbitrated their dispute. *See* Affidavit of James R. Murray, ¶ 8. Accordingly, Allstate is not seeking to invoke federal court jurisdiction to obtain reconsideration of any alleged ruling the Milwaukee County Coverage Action.

Additionally, the Milwaukee County Coverage Action involves parties - - Continental and First State - - that are not parties to the Settlement / CIP Agreement or named as respondents in Allstate's Petition to Compel Arbitration. Thus, the cases are not parallel because the relief sought in each case is different and the parties are different. As the cases are not parallel, the court must deny A.O. Smith's motion to dismiss and exercise jurisdiction.

2.     The <em>Colorado River</em> Factors Do Not Weigh In Favor Of Abstention

Even assuming *arguendo* this Court was inclined to find that the instant action to compel arbitration is somehow parallel to the Milwaukee County Coverage Action, the six factors listed by the Supreme Court in *Colorado River* do not support abstention in this case. First, the instant action to compel arbitration does not involve the exercise of jurisdiction over property, so the first factor does not apply here. The second factor, relative convenience of the federal forum, does not support abstention. The federal forum in the instant action is no more inconvenient than the state forum because all of the parties can easily travel to the federal forum.

In support of the third factor, the avoidance of piecemeal litigation, A.O. Smith argues that the instant action is "duplicative of the proceedings that have already occurred in the ongoing, still pending [Milwaukee County Coverage Action]…" See p. 10 of A.O. Smith's Motion

to Dismiss. However, as previously demonstrated, the Milwaukee County Court has not been asked to rule on and will not be addressing the validity of the Settlement / CIP Agreement and/or what duties and obligations A.O. Smith has under that agreement. Unlike the Milwaukee County Coverage Action, the instant action to compel arbitration only has two possible outcomes: 1) an order compelling A.O. Smith to arbitrate or 2) an order denying Allstate's Petition to Compel A.O. Smith to arbitrate. Thus, the instant dispute is not duplicative of the Milwaukee County Coverage Action. Moreover, under the arbitration provisions contained in the Settlement / CIP Agreement, an arbitrator, not a court, is to determine what A.O. Smith's duties and obligations are under the Settlement / CIP Agreement. Such piecemeal litigation was contemplated by the parties pursuant to Article VIII of the Settlement / CIP Agreement. Thus, this factor weighs in favor of exercising jurisdiction.

With regard to the fourth factor, which forum first acquired jurisdiction, A.O. Smith asserts that this Court should abstain exercising jurisdiction because the Milwaukee County Coverage Action was filed first and it allegedly involves the same parties and the same subject matter. As previously demonstrated, the instant action and the Milwaukee County Coverage Action do not involve the same parties or the same issues. If both suits go forward, the same issues will not be addressed by both courts.

The fifth factor, whether federal or state law controls, also weighs against abstention. A.O. Smith appears to assert that issues involving Wisconsin state law apply to the dispute in connection with the Settlement / CIP Agreement. However, in this federal action, the only issue presented is whether A.O. Smith should be compelled to arbitrate pursuant to Article VIII

of the Settlement / CIP Agreement and Section 4 of the FAA. Accordingly, federal law applies to the instant dispute. *See Moses H. Cone*, 460 U.S. at 24.

Finally, this Court should not abstain from exercising its jurisdiction due to the probable inadequacy of the Milwaukee County Coverage Action to protect Allstate's rights. Based on the Milwaukee County Court's ruling on Allstate' Motion to Stay to Permit Arbitration, it is doubtful that Allstate could obtain an order from a Milwaukee County Court compelling A.O. Smith to arbitrate. *See Moses H. Cone*, 460 U.S. at 26-27 (finding that sixth factor did not apply to support abstention because "substantial room for doubt that [the Petitioner] could obtain from the state court an order compelling [the Respondent] to arbitrate").

Ultimately, the balancing of the factors weighs in favor of this Court exercising its jurisdiction over Allstate's Petition to Compel Arbitration. A.O. Smith's request that this Court abstain from jurisdiction under the *Colorado River* doctrine should be denied.

**C.      Allstate's Conduct In Filing Its Petition To Compel Arbitration Was Not Vexatious**

A.O. Smith argues that Allstate's conduct is vexatious because it is "attempt[ing] to re-litigate the ripeness issue it lost in the state court." Not true. As previously mentioned, Allstate did not seek to compel A.O. Smith to arbitrate in the Milwaukee County Coverage Action. Allstate merely gave notice in the Milwaukee County Coverage Action of its intention to arbitrate the dispute regarding the Settlement / CIP Agreement and asked the Milwaukee County Court to stay Continental's Milwaukee County Coverage Action while Allstate conducted its private arbitration with A.O. Smith.

A.O. Smith further asserts that because Allstate filed its Petition to Compel Arbitration after the Milwaukee County Court denied its Motion to Stay, this further demonstrates

"vexatious" conduct. However, the timing of Allstate's actions was dictated by Article VIII of the Settlement / CIP Agreement. The dispute resolution provisions of the Settlement / CIP Agreement required the following steps be taken before arbitration: 1) the parties are to use their best efforts to resolve their dispute and 2) if the parties are unable to resolve their dispute on their own, the parties are then required to mediate their dispute, and 3) if the parties are unable to resolve their dispute at mediation, then the parties are to go to binding arbitration. As mentioned above, the parties participated in mediation on June 8, 2015, but were unable to resolve their differences. Subsequently, on June 26, 2015, Allstate issued its written demand for arbitration to A.O. Smith and simultaneously filed its Motion to Stay in the Milwaukee County Coverage Action. A.O. Smith did not respond to Allstate's demand for arbitration until July 8, 2015, one week after the Milwaukee County Court's July 1, 2015 ruling on Allstate's Motion to Stay. Only after A.O. Smith refused to arbitrate, could Allstate file the instant Petition to Compel Arbitration in accordance with Article VIII, Section 8.01(b) of the Settlement / CIP Agreement.

## II.      Allstate's Response to Motion for Extension of Time and for Protective Order

### A.      Allstate is Entitled To Pre-Hearing Arbitration Discovery

The Federal Arbitration Act provides for discovery and a full trial in connection with a petition to compel arbitration if "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue." *See Simula, Inc. v. Autoliv, Inc.,* 175 F. 3d 716, 726 (9th Cir. 1999) (citing 9 U.S.C. § 4). *See also SBRMCOA, LLC v. Bayside Resort, Inc.,* 707 F.3d 267, 272-73 (3d Cir. 2013) (holding that additional "discovery [was] warranted" on the issue of whether plaintiff's board acted *ultra vires* when it signed an agreement containing an

arbitration clause before the court could compel arbitration). Additionally, Illinois federal courts have held that limited discovery may be necessary before a court can rule on a contested petition to compel arbitration. *See Burks v. Wal-Mart Stores, Inc.,* 2013 WL 4777358 (N.D. Ill. Sept. 5, 2013) (citing *Pohlman v. NCR Corp.,* No. 12 CV 6731, 2013 WL 3776865, at *1 (N.D. Ill. July 17, 2013) (denying without prejudice motion to compel arbitration because "there was insufficient evidence at that time … to conclude that a valid enforceable agreement to arbitrate exists as a matter of law")).

In *Deputy v. Lehman Bros., Inc.*, 345 F.3d 494, 511 (7th Cir. 2003), the plaintiff claimed she had not signed the client agreement including the arbitration provision. The Seventh Circuit permitted the opportunity to conduct limited discovery on the narrow issue concerning the validity of the plaintiff's signature. *See also Clemins v. GE Money Bank,* No. 11-cv-00211, 2011 WL 6148676 (E.D. Wis. Dec. 8, 2011). Like *Deputy v. Lehman Bros.,* A.O. Smith contends that the Settlement / CIP Agreement is invalid because it was entered into without A.O. Smith's authority. Allstate, therefore, issued streamlined discovery seeking information regarding A.O. Smith's risk manager's authority to negotiate and execute the Settlement / CIP Agreement, as well as ratification of the agreement. Accordingly, Allstate should be permitted to pursue its limited discovery on the validity of the Settlement / CIP Agreement prior to the hearing on its Petition to Compel Arbitration.

     **B.**     **The Parties Were Not Required To Participate In a Fed. R. Civ. P. 26(f) Discovery Planning Conference Prior to Allstate's Issuance Of Discovery**

A.O. Smith contends that Allstate's discovery requests concerning the validity of the Settlement / CIP Agreement are in violation of Fed. R. Civ. P. 26(d)(1)'s prohibition on serving discovery before a Fed. R. Civ. P. 26(f) Discovery Planning Conference. The FAA is silent,

however, as to whether the Federal Rules of Civil Procedure apply to pre-arbitration hearing discovery. Section 6 of the FAA requires the district court to consider such a petition expeditiously, "in the manner provided [for] motions." Pursuant to Section 4 of the FAA, hearing on a Petition for Arbitration can be conducted as soon as five days after notice to the opponent. Thus, the standard timetables of the Federal Rules of Civil Procedure, including the requirement of a Rule 26(f) Discovery Planning Conference, do not appear to apply to petitions to compel arbitration. *See e.g. Health Services Management Corp. v. Hughes,* 975 F.2d 1253 (7th Cir. 1992).

### C. **A.O. Smith Has Already Obtained An Extension of Time To Respond To Allstate's Discovery Requests**

In connection with its Motion for Protective Order, A.O. Smith also seeks an extension of time to respond to Allstate's discovery requests. Specifically, A.O. Smith requests that this court suspend the deadlines and subpoena return dates until the Court has resolved A.O. Smith's Motion to Dismiss. Indeed, A.O. Smith's request has already been granted as all discovery in connection with Allstate's Petition to Compel Arbitration has been suspended until the Court rules on A.O. Smith's Motion to Dismiss. In the event this Court denies A.O. Smith's Motion to Dismiss, Allstate requests that this Court order A.O. Smith to respond to Allstate's discovery requests as well as Mr. Town and Mr. Dorian to comply with Allstate's subpoenas within ten days of its ruling.

### CONCLUSION

WHEREFORE, Petitioner, Allstate Insurance Company, solely as successor in interest to Northbrook Excess and Surplus Company, formerly known as Northbrook Insurance Company, respectfully requests that the Court issue an order denying A.O. Smith's Motion for Extension of

Time and For Protective Order and A.O. Smith's Motion to Dismiss for Lack of Subject Matter

Jurisdiction, or Alternatively, to Abstain from Exercising Jurisdiction under the *Colorado River*

Doctrine and awarding such other and further relief as this Court may deem just and equitable.

<u>Dated</u>:  September 14, 2015

Respectfully submitted,

    ss/ *James R. Murray*
Attorney for Allstate Insurance Company, solely
as successor in interest to Northbrook Excess and
Surplus Company, formerly known as Northbrook
Insurance Company

James R. Murray
Heather C. Sullivan
Tressler LLP
233 S. Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000
jmurrary@tresslerllp.com
hsullivan@tresslerllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2015, I caused the above document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following.

*Attorneys for Respondent A.O. Smith Corporation*

Jeffrey O. Davis
Patrick J. Murphy
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2350
Milwaukee, WI  53202
414/277-5317
414/277-5459
jeffrey.davis@quarles.com
patrick.murphy@quarles.com

Jacob M. Mihm
Hoke Attorneys at Law LLC
117 N. Jefferson St., Suite 100
Chicago, IL 60657
jmihm@hokellc.com

  /s/James. R. Murray
Attorney for Allstate Insurance Company, solely as successor in interest to Northbrook Excess and Surplus Company, formerly known as Northbrook Insurance Company